FILED
JUN 14 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARCHIE LOGGINS, | ) |
| *Plaintiff*, | ) |
| -vs- | ) 06CV3248 |
| | ) JUDGE ANDERSEN |
| CITY OF HARVEY, | ) MAGISTRATE KEYS |
| ERIC KELLOGG, | ) |
| DARNELL KEEL, and | ) |
| JEREMY ANDERSON, | ) |
| *Defendants.* | ) |

## COMPLAINT

Plaintiff, by counsel, allege as follows:

1. This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this court is conferred by 28 U.S.C. §1343.

2. Plaintiff Archie Loggins is a resident of the Northern District of Illinois.

3. Defendant City of Harvey is an Illinois municipal corporation.

4. Defendant Eric Kellogg is the Mayor of the City of Harvey and is sued in his individual capacity.

5. At the time of the matters complained of herein, defendant Darnell Keel was employed by the City of Harvey as a Commander in its police department.

6. Defendant Jeremy Anderson is a resident of the Northern District of Illinois.

7. On June 10, 2003, while intoxicated and off-duty, defendant Keel committed a battery against plaintiff.

8. On plaintiff's complaint, Keel was formally charged in the Circuit Court of Cook County with an offense arising out of the above referred incident. After several continuances, the case was set for trial in the Circuit Court of Cook County in June, 2004.

9. At some time before June 14, 2004, defendants Keel misused his position as Police Commander to encourage Anderson to assault plaintiff.

10. On June 14, 2004, defendant Anderson assaulted plaintiff and caused plaintiff to receive serious personal injuries.

11. Thereafter, plaintiff sought to inform the Harvey police department that he had been beaten by Anderson and that Anderson had acted at the urging and/or approval of Keel.

12. The Harvey police department has, to date, failed to investigate the above described June 14th incident and has refused to take any action on plaintiff's complaints that he had been attacked by Jeremy Anderson and that Anderson had acted with the urging and/or approval of Keel.

13. This refusal to investigate plaintiff's complaint was the result of defendant Kellogg's decision to appoint Keel to a supervisory position in the Harvey police department:

    a. Defendant Keel was employed as a police officer by the City of Harvey from 1997 until December 11, 2002, when he resigned pending termination for misconduct.

b. Keel worked for the election of defendant Kellogg in the 2003 mayoral campaign in the City of Harvey.

c. Following Kellogg's election, and at the direction of defendant Kellogg, the City of Harvey rehired Keel and other former police officers who had previously been discharged or who had resigned pending termination for misconduct.

d. At Kellogg's direction, and over the objection of his chief of police, Keel was appointed to be Commander of the Patrol Bureau of the Harvey Police Department.

e. As a Harvey Police Commander, Keel has been able to engage in various acts of wrongdoing, including prohibiting the arrest of persons who are Keel's friends and associates, ordering the groundless arrest of persons who had angered persons Keel's friends and associates, and engaging in one or more unlawful businesses.

14. **Claim I:** Defendants Keel and Anderson caused plaintiff to be deprived of rights secured by the Fourth and Fourteenth Amendments to the United States when, at Keel's urging and promise of immunity from arrest, defendant Anderson beat plaintiff and caused plaintiff to incur serious personal injuries.

15. **Claim II:** The decision of defendant Kellogg to rehire Keel and to vest Keel with the powers of police commander was a proximate cause of Anderson's above described actions, and caused plaintiff to be deprived of rights secured by the Fourth and Fourteenth Amendments to the United States.

16. **Claim III:** The policy of the City of Harvey to refuse to investigate citizen complaints of police misconduct was a proximate cause of Anderson's above described actions, and caused plaintiff to be deprived of rights secured by the Fourth and Fourteenth Amendments to the United States.

17. Plaintiffs hereby demand trial by jury.

WHEREFORE plaintiffs prays that judgment be entered in favor of plaintiff and against defendants Keel, Kellogg, Anderson and the City of Harvey, jointly and severally, in an amount in excess of one million dollars as compensatory damages, and against defendants Kellogg and Keel in an amount in excess of one hundred thousand dollars as punitive damages.

/s/ Kenneth N. Flaxman

KENNETH N. FLAXMAN
ARDC No. 830399
200 South Michigan Avenue
Suite 1240
Chicago, Illinois 60604-2430

(312) 427-3200 (phone)
(312) 427-3930 (fax)
knf@kenlaw.com (email)
*attorney for plaintiff*