IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARCHIE LOGGINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06 C 3248 |
| ) | Wayne R. Andersen |
| CITY OF HARVEY, ) | District Judge |
| ERIC KELLOGG, ) | |
| DARNELL KEEL, and ) | |
| JEREMY ANDERSON, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on the motion of defendants City of Harvey, Eric Kellogg, and Darnell Keel to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. (12)(b)(1), 12(b)(6), and 12(f). For the following reasons, the motion to dismiss is denied for Counts I and III, granted for Count II, and the motion to strike the seventh and eighth paragraphs of the complaint is denied.

## BACKGROUND

The following allegations are taken from Plaintiff Archie Loggins's complaint. Loggins alleges that one year after defendant Darnell Keel battered him in 2003, Keel used his new position as Police Commander for the City of Harvey to encourage defendant Jeremy Anderson to physically beat Loggins.

Loggins alleges that Keel committed a battery against him while intoxicated on June 10, 2003. Keel was later charged in the Circuit Court of Cook County for offenses arising out of this June 10, 2003 incident.

Keel was employed by the City of Harvey as a police officer from 1997 to December 11, 2002, when he resigned pending termination for misconduct. In 2003, Keel allegedly worked for defendant Eric Kellogg's election campaign for mayor of the City of Harvey. After winning the election, Kellogg allegedly directed the City of Harvey to re-hire Keel, as well as other former police officers who had been previously discharged or resigned pending termination for misconduct. At Kellogg's direction, and allegedly over the objection of the Chief of the Harvey Police Department, Keel was appointed to be Police Commander.

Loggins alleges that some time before June 14, 2004, Keel used his position as Police Commander to encourage defendant Jeremy Anderson to physically beat him. On June 14, 2004, Anderson physically beat Loggins, causing serious personal injuries. After the incident, Loggins informed the Harvey Police Department that Anderson had beaten him and that Anderson was acting as a result of Keel's urging and promise of immunity from arrest. The Harvey Police Department has yet to investigate either of Loggins's complaints. Loggins alleges the failure to investigate his complaints resulted from Kellogg's decision to appoint Keel as Police Commander.

Loggins has brought a three count claim against the defendants under 42 U.S.C. § 1983 for violation of his rights under the Fourth and Fourteenth Amendments. Count I is against Keel and Anderson, Count II is against Kellogg, and Count III is against the City of Harvey. In front of the court is defendants' Keel, Kellogg, and City of Harvey's motion to dismiss all three counts against them and strike paragraphs seven and eight of the complaint.

## DISCUSSION

A 12(b)(6) motion to dismiss challenges whether a complaint sufficiently states a claim upon which relief may be granted. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Dismissal is not proper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A plaintiff need not plead facts; he can plead conclusions if they provide the defendant with at least minimal notice of the claim. *Kyle v. Morton High School*, 144 F.3d 448, 454-55 (7th Cir. 1998). When reviewing a motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Szumny v. Am. Gen. Fin., Inc.*, 246 F.3d 1065, 1067 (7th Cir. 2001).

42 U.S.C. § 1983 ("section 1983") provides in pertinent part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ." In order to state a claim under section 1983, a plaintiff must allege that 1) he held a constitutionally protected right; 2) he was deprived of this right in violation of the Constitution; 3) the defendant intentionally caused this deprivation; and 4) the defendant acted under color of law. *Donald v. Polk County*, 836 F.2d 376, 379 (7th Cir. 1988).

*A. Section 1983 Claim against Defendant Darnell Keel*

In Count I of the complaint, Loggins alleges that defendants Anderson and Keel caused him to be deprived of rights secured by the Fourth and Fourteenth Amendments because

Anderson, acting at Keel's urging and promise from immunity from arrest, beat Loggins and caused him to receive serious personal injuries.

While the defendants deny all material averments made in Loggins's complaint, their motion to dismiss attacks only the sufficiency of the fourth element of Loggins's section 1983 claim in Count I, that Loggins failed to allege that Keel acted under color of law.

In determining whether a police officer is acting under color of law, the nature of the specific acts performed is an important consideration. The defendants rely on *Latuszkin v. City of Chicago*, 250 F.3d 502, 505-06 (7th Cir. 2001), in which the Seventh Circuit affirmed the dismissal of a section 1983 claim against a police officer, noting that the plaintiff had failed to allege a variety of circumstances at the time of the violating incident: that the police officer was engaged in police activity, that he displayed any police power, or that he possessed any indicia of his office. The defendants claim that Loggins's complaint fails to allege that Keel fell under any of the *Latuszkin* circumstances. However, while these various circumstances can help establish that a police officer is acting under color of law, they are by no means exhaustive.

Loggins's complaint specifically alleges that Keel misused his position as Police Commander to encourage Anderson to physically beat him. Misuse of power, possessed by virtue of law and made possible only because the wrongdoer is clothed with the authority of law, is action taken under color of law. *United States v. Classic*, 313 U.S. 299, 326 (1941). Loggins has thus properly alleged that Keel acted under color of law. The defendants' motion to dismiss Count I of the complaint is therefore denied.

## B. Section 1983 Claim against Defendant Eric Kellogg

In Count II of the complaint, Loggins alleges that defendant Kellogg caused him to be deprived of rights secured by the Fourth and Fourteenth Amendments because Kellogg's decision to rehire Keel and vest him with the powers of Police Commander was a proximate cause to Anderson's physical beating of Loggins. The defendants argue that Loggins failed to allege that Kellogg was the proximate cause of Loggins's injuries.

Proximate cause is composed of two elements: legal cause and cause in fact. Legal cause exists when an injury is of a type that a reasonable person would foresee it as a likely result of his or her conduct. *Cleveland v. Rotman*, 297 F.3d 569, 573 (7th Cir. 2002). While proximate cause is ordinarily a question for the trier of fact, it becomes a question of law when there is no material issue of fact regarding the matter or only one conclusion is clearly evident. *Kleen v. Homak Mfg. Co.*, 321 Ill. App. 3d 639, 641 (Ill. App. Ct. 2001).

Loggins alleges that Kellogg directed that Keel be appointed Police Commander of the Harvey Police Department. Further, Loggins claims that this action was taken against the objection of the Chief of Police and that Kellogg also directed the rehiring of other former police officers who had resigned pending termination for misconduct. However, foreseeability means that which is objectively reasonable to expect, not what might conceivably occur. *Williams v. RCA Corp.*, 59 Ill. App. 3d 229, 231 (Ill. App. Ct. 1978). Loggins's allegations fail to establish the foreseeability element of proximate cause. Loggins has failed to allege that his injuries were an objectively reasonable expected result of Kellogg's direction to appoint Keel as Police Commander. Accordingly, the defendants' motion to dismiss Count II of the complaint is granted.

*C. Section 1983 Claim against Defendant City of Harvey*

In Count III of the complaint, Loggins alleges that defendant City of Harvey caused him to be deprived of rights secured by the Fourth and Fourteenth Amendments because the City of Harvey's policy of refusal to investigate citizen complaints of police misconduct was a proximate cause to Anderson's physical beating of Loggins.

If a municipality's policy violates an individual's civil rights, the municipality can be subject to liability under section 1983. *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995). This can occur in three ways: 1) an express policy that, when enforced, causes a constitutional deprivation; 2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or 3) an allegation that the constitutional injury was caused by a person with final policymaking authority. *Id.*

Loggins alleges that the City of Harvey has a municipal policy of refusing to investigate citizen complaints of police misconduct. Additionally, Loggins alleges that the Harvey Police Department has failed to investigate his claims against Anderson and Keel for the June 14, 2004 attack. The defendants argue that the City of Harvey's alleged failure to investigate Loggins's claims against Anderson and Keel could not be the logical proximate cause of the particular injuries that prompted Loggins's claims. However, Loggins's complaint has adequately pleaded that the City of Harvey's alleged municipal policy could have created the environment under which Keel was allegedly able to offer encouragement and immunity for Anderson's physical beating of Loggins. Therefore, we see no basis to dismiss this count. The truth of whether the

City of Harvey's policy of refusal to investigate citizen complaints of police misconduct was a proximate cause to Anderson's physical beating of Loggins can be uncovered during discovery. The defendants' motion to dismiss Count III of the complaint is therefore denied.

*D. Paragraphs Seven and Eight of Complaint*

The defendants have moved to strike the seventh and eighth paragraphs of the complaint as immaterial, impertinent, and scandalous. Those paragraphs read as follows:

> 7. On June 10, 2003, while intoxicated and off-duty, defendant Keel committed a battery against plaintiff.
> 8. On plaintiff's complaint, Keel was formally charges in the Circuit Court of Cook County with an offense arising out of the above referred incident. After several continuances, the case was set for trial in the Circuit Court of Cook County in June, 2004.

Allegations may be stricken as scandalous if the matter bears no possible relation to the controversy or may cause the objecting party prejudice. *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992). The defendants' motion to strike argues that the seventh and eighth paragraphs of Loggin's complaint have no bearing on his allegation that Keel misused his position as Police Commander to encourage Anderson to physically beat him and should thus be stricken. While not directly related, paragraphs seven and eight do provide relevant background information for the rest of the claims alleged in Loggins's complaint and thus can not be said to bear no possible relation to those claims. Thus, the defendants' motion to strike the seventh and eighth paragraphs of the complaint is denied.

## CONCLUSION

For the foregoing reasons, we deny the defendants' motion to dismiss [9] Counts I and III of the complaint, grant defendants' motion to dismiss Count II of the complaint, and deny the defendants' motion to strike the seventh and eighth paragraphs of the complaint.

It is so ordered.

Wayne R. Andersen
District Judge

Date: March 9, 2007